IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carl Scott,<br><br>   Plaintiff,<br><br>vs.<br><br>Gails Seafood, LLC D/B/A Leon's Oyster Shop and Andrew Hartenstein<br><br>   Defendants. | Civil Action No.: 2:24-cv-04755-RMG-MHC<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiff above named, complaining of the acts of the above-named Defendant, states as follows:

PARTIES AND JURISDICTION

1. Plaintiff, Carl Scott ("Scott") is a resident and citizen of the County of Charleston, South Carolina.

2. Upon information and belief, Defendant Gails Seafood, LLC D/B/A Leon's Oyster Shop ("Defendant" or "Leon's") is a limited liability company that does business and maintains offices and agents in the State of South Carolina.

3. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e ("Title VII"), and 42 U.S.C. §1981.

4. Upon information and belief, Defendant Andrew Hartenstein is a resident and citizen of the County of Charleston, South Carolina.

5. Venue for all causes of action stated herein lies in the District of South Carolina, Charleston Division pursuant to 28 U.S.C. § 1391(b), in that the Plaintiff resides in the district, Defendant does business in the district, and a substantial part of the events giving rise to Plaintiff's claims occurred in the district.

6. Leon's is an employer with 15 or more employees and otherwise subject to Title VII.

7. Defendants Leon and Hartenstein are subject to 42 U.S.C. 1981.

8. Plaintiff timely filed her complaint with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC") alleging discrimination based upon color and race. Plaintiff's charge of discrimination also included an allegation of retaliation.

9. On or about June 13, 2024, Plaintiff received a right to sue notice from the EEOC regarding the complaint described above.

10. That Plaintiff timely filed the foregoing action within ninety (90) days of the date on which she received the notice of right to sue described above.

11. Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of this action.

12. Plaintiff is a black American and male.

13. Defendant operates a restaurant in downtown Charleston, South Carolina.

14. In or about July 2023, Plaintiff was hired by Defendant as a line cook.

15. While employed with Defendant, Plaintiff's supervisors were Hartenstein and another manager/supervisor he knew as "John."

16. Shortly after Plaintiff was hired, Hartenstein began referring to Plaintiff as "ghetto" and said, "too many negroes" work at the restaurant.

17. Plaintiff informed Hartenstein that he did not appreciate his comments and felt they were offensive and inappropriate. Hartenstein concerns and Plaintiff's complaints, did nothing to address Plaintiff's concerns, and continued to make offensive comments.

18. Shortly after Plaintiff complained to Hartenstein, the supervisor known as "John" began subjecting Plaintiff to unwanted harassment.

19. "John" began making unwanted sexual advances and unwanted and unwarranted sexual comments to Plaintiff. By way of example, "John" would attempt to intimidate Plaintiff by loudly asking Plaintiff about his sexual orientation while physically striking Plaintiff and/or invading

2

Plaintiff's personal space.

20.   In addition to the acts stated above, "John" would use a ladle of kitchen spoon to hit or "cup" Plaintiff's genitals when they worked together in the kitchen. (this one may need to go above 18 if 18 is referring to the "striking" as this explanation gives??)

21.   Plaintiff complained to both "John" and Hartenstein about "John's" actions, but nothing was done to address them.

22.   In retaliation for making the complaints as mentioned above, Hartenstein refused to increase Plaintiff's pay as agreed.

23.   On or about November 28, 2023, Defendant terminated Plaintiff's employment.

FOR A FIRST CAUSE OF ACTION:
VIOLATION OF TITLE VII
DISCRIMINATION BASED ON RACE/COLOR AND SEX
(Against Leon's)

24.   Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

25.   Plaintiff, as an African American, is a member of a protected class under Title VII.

26.   Throughout his employment with Leon's, Plaintiff was performing his job satisfactorily.

27.   Plaintiff was subjected to adverse employment actions by his employer and agents of his employer including bullying, intimidation, unwarranted suspension, and being terminated from his employment with Defendant.

28.   Plaintiff's treatment was different from similarly situated employees outside his protected class. By way of example, other Caucasian-American employees were not called "ghetto," referred to as "negroes," or subject to assault and battery.

29.   There is additional evidence that gives rise to an inference of unlawful race-based discrimination to include, but not limited to Plaintiff's supervisor making comments that there were "too many negroes" working at Leon's.

30. Plaintiff was subjected to sexual harassment at the hands of defendant by way of the sexual advances and sex-based attacks on Plaintiff as mentioned above.

31. Defendants' behavior humiliated Plaintiff, unreasonably interfered with his work performance, affected the terms, conditions, and privileges of his employment and otherwise caused Plaintiff severe psychological and physical harm.

32. That as a result of the above, Plaintiff has suffered damages in the form of past and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm including, but not limited to: emotional distress, anxiety, mental anguish, embarrassment, humiliation, loss to professional standing, character, and reputation; physical and personal injuries include: inconvenience, loss of enjoyment of life and pain and suffering. Plaintiff further seeks attorney's fees and costs and prejudgment interest.

33. That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously, and with utter disregard for the federally protected rights of the Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendants.

FOR A SECOND CAUSE OF ACTION:
VIOLATION OF TITLE VII
RETALIATION
(Against Leon's)

34. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

35. As alleged above, Plaintiff complained to Defendants that he was being discriminated against based on his race and sex.

36. That Plaintiff's complaints were made in good faith and constitute protected activity under Title VII.

37. Defendants' actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

38. Plaintiff complained to Defendants about the above-described race-based discrimination and hostile work environment.

39. Despite being notified of the above-mentioned conduct, Defendants wholly failed to take prompt and effective remedial action to end the illegal conduct and Defendants continued to subject Plaintiff to race and sex-based discrimination in violation of Title VII.

40. Subsequent to and in retaliation for Plaintiff making complaints, Defendants created and allowed the work environment to be so hostile that no person could have withstood such treatment. To further retaliate against Plaintiff, Defendants terminated his employment for making complaints about discrimination.

41. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

42. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

FOR A THIRD CAUSE OF ACTION:
VIOLATION OF TITLE VII
HOSTILE WORK ENVIRONMENT
(Against Leon's)

43. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

44. During Plaintiff's employment, he was subjected to an unwelcome and hostile environment created by Leon's and its agents.

45. The hostile environment Plaintiff was subjected to was based on his race and sex.

46. Plaintiff was subject to additional harassment because Plaintiff made complaints about discrimination and retaliation.

47. Defendants' behavior humiliated Plaintiff, unreasonably interfered with his work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

48. The hostile environment was sufficiently severe and pervasive to alter the conditions of his employment. Specifically, Defendants knew about, created, cultivated, and allowed the work environment to be hostile.

49. That as a result of the above, Plaintiff has suffered damages in the form of past and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

50. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendants.

FOR A FOURTH CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981
RACE DISCRIMINATION
(Against All Defendants)

51. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

52. Plaintiff is a black American.

53. Throughout his employment with Leon's Plaintiff was performing her job satisfactorily.

54. Plaintiff was subjected to adverse employment actions by his employer and its agents of

6

including, but not limited to, bullying, intimidation, receiving unwarranted disciplinary actions, being subjected to assault, battery, and being terminated from his employment with Defendant.

55. Plaintiff's treatment was different from similarly situated employees outside his protected class. By way of example, Plaintiff was subjected to the actions including, but not limited to, bullying, intimidation, receiving unwarranted disciplinary actions, being subject to assault, battery, and being terminated from his employment with Defendant when other Caucasian-American employees were not.

56. There is additional evidence that gives rise to an inference of unlawful race-based discrimination to include, but not limited to Plaintiff's supervisors making comments that he, as a black person, was "ghetto," and implied his employment was a problem because he is black (one of the "too many negroes" who worked at the restaurant).

57. Defendants' behavior humiliated Plaintiff, unreasonably interfered with his work performance, affected the terms, conditions, and privileges of his employment and otherwise caused Plaintiff severe psychological and physical harm.

58. Defendants' actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

59. Plaintiff, on numerous occasions, complained to Defendants about the above-described race discrimination and hostile work environment and Defendants were on notice that it was occurring.

60. Despite being notified of the above-mentioned conduct, Defendants wholly failed to take prompt and effective remedial action to end the illegal conduct and Defendants continued to subject Plaintiff to race discrimination in violation of 42 U.S.C. 1981.

61. That as a result of the above, Plaintiff has suffered damages in the form of past and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental

anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

62. That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendants.

FOR A FIFTH CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981 RETALIATION
(Against All Defendants)

63. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

64. That as alleged above, Plaintiff complained to Defendants on several occasions that he was being harassed and discriminated against because of his race.

65. That Plaintiff's complaints were made in good faith and constitute protected activity under 42 U.S.C. 1981.

66. Subsequent to and in retaliation for Plaintiff making complaints of race discrimination, Defendants created and allowed the work environment to be so hostile in order to prevent Plaintiff from engaging in protected activity.

67. In retaliation for Plaintiff making complaints of race discrimination, Defendants allowed plaintiff to be subjected to assault, battery, and to be bullied. Defendants also terminated Plaintiff's employment in retaliation for making complaints.

68. That as a result of the above, Plaintiff has suffered damages in the form of past and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs

and prejudgment interest.

69. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

FOR A SIXTH CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981
HOSTILE WORK ENVIRONMENT

(Against All Defendants)

70. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

71. During Plaintiff's employment, he was subjected to an unwelcome and hostile environment created by Defendants and its agents.

72. Defendants' conduct as described above was unwelcome.

73. The hostile environment Plaintiff was subjected to was due to his race.

74. Plaintiff was subject to additional harassment because Plaintiff made complaints about discrimination.

75. Defendants' actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

76. Plaintiff, on numerous occasions, complained to Defendants about the above-described race-based discrimination and hostile work environment and Defendants were on notice that it was occurring.

77. Despite being notified of the above-mentioned conduct, Defendants wholly failed to take prompt and effective remedial action to investigate and end the illegal conduct and Defendants continued to subject Plaintiff to race-based discrimination in violation of 42 U.S.C. 1981.

78. Defendants' behavior humiliated Plaintiff, unreasonably interfered with his work performance, affected the terms, conditions, and privileges of her employment and otherwise

caused Plaintiff severe psychological and physical harm.

79. The hostile environment was sufficiently severe and pervasive to alter the conditions of his employment. Specifically, Defendants knew about, created, cultivated, and allowed the work environment to be hostile.

80. That as a result of the above, Plaintiff has suffered damages in the form of past and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

81. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendants.

<u>FOR A SEVENTH CAUSE OF ACTION</u> <u>INTENTIONAL</u>
<u>INFLICTION OF EMOTIONAL DISTRESS</u>
(Against All Defendants)

82. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

83. Defendants intentionally and recklessly inflicted severe emotional distress on Plaintiff, or was certain, or substantially certain, that such distress would result from its conduct.

84. The conduct of Defendants was so extreme and outrageous that it exceeded all possible bounds of decency, was atrocious, and is utterly intolerable in a civilized community.

85. Defendants' conduct caused Plaintiff to suffer extreme and severe emotional distress such that no reasonable person could be expected to endure.

86. Such conduct included allowing Plaintiff to be subject to sexual advances, sexual assault and sexual battery.

87. As a direct and proximate result of the actions of Defendants, Plaintiff sustained damages in the form of past and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

WHEREFORE, Plaintiff requests a jury trial on all causes of action and prays for the following relief against Defendant: for such amount of actual and special damages as the trier of fact may find, (including past and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal injuries), punitive damages, the cost and disbursements of this action, including reasonable attorneys' fees, prejudgment interest and for such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED,

**FERGUSON LAW AND MEDIATION, LLC**

s/*Emmanuel J. Ferguson, Sr.*
Emmanuel J. Ferguson, Sr.
Federal Bar #11941
171 Church Street, Suite 160
Charleston, South Carolina 29414
(843) 491-4890 telephone
emmanuel@fergusonlaborlaw.com

*Attorney for Plaintiff*

August 30, 2024
Charleston, South Carolina